Stephen I. McGiff (SM-9573)
Daniel J. O'Connell (DO-2031)
MCGIFF HALVERSON LLP
96 South Ocean Avenue
Patchogue, New York 11772
(631) 730-8686 Telephone
(631) 730-8661 Facsimile

*Attorneys for Defendant Marshall Welsch*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

MALIBU MEDIA, LLC,

                          Plaintiff,

   - against-

MARSHALL WELSCH,

                      Defendant.

------------------------------------------------------------------X

Civil Action No. 2:15-cv-02732
(JFB-SIL)

**AMENDED ANSWER TO THE
AMENDED COMPLAINT WITH
COUNTERCLAIM FOR
DECLARATION OF NON-
INFRINGEMENT**

Defendant MARSHALL WELSCH (hereinafter, referred to as "Mr. Welsch" or

"Defendant"), by his attorneys, MCGIFF HALVERSON LLP, as and for his Amended Answer

and Counter Claim to the Amended Complaint herein, alleges as follows:

## INTRODUCTION

1.     The allegations set forth in paragraph 1 contain conclusions of law as to

which no response is required.  To the extent to which an answer is deemed

to be required, Defendant denies the allegations in paragraph 1 of the

Complaint.

2.     Denies the allegations set forth in paragraph 2 of the Complaint.

3.     Denies the allegations set forth in paragraph 3 of the Complaint.

4.    Deny having knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4.

## JURISDICTION AND VENUE

5.    The allegations set forth in paragraph 5 contain conclusions of law as to which no response is required.  To the extent to which an answer is deemed to be required, Defendant denies allegations in paragraph 5 of the Complaint.

6.    Denies having knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the Complaint.

7.    Denies having knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7.

8.    The allegations set forth in paragraph 8 contain conclusions of law as to which no response is required.  To the extent to which an answer is deemed to be required, Defendant denies the allegations in paragraph 8 of the Complaint.

9.    Denies having knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9.

10.   Admits the allegations set forth in paragraph 10 of the Complaint to the extent that he is a resident of the County of Nassau in the State of New York.

## FACTUAL BACKGROUND

11.   Denies having knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11.

12.   Denies having knowledge and information sufficient to form a belief as to the

truth of the allegations set forth in paragraph 12.

13.    Denies having knowledge and information sufficient to form a belief as to the

truth of the allegations set forth in paragraph 13.

14.    Denies having knowledge and information sufficient to form a belief as to the

truth of the allegations set forth in paragraph 14.

15.    Denies having knowledge and information sufficient to form a belief as to the

truth of the allegations set forth in paragraph 15.

16.    Denies having knowledge and information sufficient to form a belief as to the

truth of the allegations set forth in paragraph 16.

17.    Denies having knowledge and information sufficient to form a belief as to the

truth of the allegations set forth in paragraph 17.

18.    Denies having knowledge and information sufficient to form a belief as to the

truth of the allegations set forth in paragraph 18.

19.    Denies having knowledge and information sufficient to form a belief as to the

truth of the allegations set forth in paragraph 19.

20.    Defendant denies allegations in paragraph 20 of the Complaint.

21.    Denies having knowledge and information sufficient to form a belief as to the

truth of the allegations set forth in paragraph 21.

22.    Denies having knowledge and information sufficient to form a belief as to the

truth of the allegations set forth in paragraph 22.

23.    Denies having knowledge and information sufficient to form a belief as to the

truth of the allegations set forth in paragraph 23.

24.    Denies having knowledge and information sufficient to form a belief as to the

25.   Denies having knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25.

26.   Defendant denies allegations in paragraph 26 of the Complaint.


## MISCELLANEOUS

27.   Defendant denies allegations in paragraph 27 of the Complaint.

28.   Defendant denies allegations in paragraph 28 of the Complaint.


## COUNT I
## Direct Infringement Against Defendant

29.   Repeats and realleges each of the foregoing paragraphs 1 – 29 as though fully set forth herein.

30.   Denies having knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 30.

31.   Defendant denies allegations in paragraph 31 of the Complaint.

32.   Denies having knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 32.

33.   Denies having knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 33 (A) through (D).

34.   Defendant denies allegations in paragraph 34 of the Complaint.


## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred under the doctrine of fair use.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because copyrights are invalid and/or unenforceable.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff has not suffered any damages or injuries caused by the alleged conduct of the Defendants.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because at Defendant acted in good faith and with non-willful intent, at all times.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred under the safe harbor provisions of the Digital Millennium Copyright Act, 17 U.S.C. § 512.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred for a lack of subject matter jurisdiction because it lacks valid copyright registrations for the intellectual property rights asserted, or has not properly or timely registered his works.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part under the doctrine of estoppel.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

Plaintiff claims are barred in whole or in part by the doctrine of unclean hands.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of laches

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in bared in whole or in part by the doctrine of waiver.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

To the extent any or all causes of action have been brought after the statute of limitations period, they are time barred.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff authorized, impliedly or explicitly, Defendant's allegedly infringing use of its works, and its claims are therefore barred by the doctrine of implied license.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred under the doctrine of copyright misuse.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim of statutory damages may be subject to apportionment across joint infringers.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE/PRESERVATION OF DEFENSES

Defendant presently has insufficient knowledge or information upon which to form a belief as to whether there may be additional affirmative defenses available to him and therefore expressly reserves the right to amend and/or supplement his answer, defenses and all other pleadings and reserves the right to assert any and all additional defenses under any applicable law in the event that discovery indicates that such defenses would be appropriate.

## FIRST COUNTERCLAIM
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT

35.    Defendant/Counterclaimant repeats and realleges all foregoing allegations

made in its affirmative defenses and counterclaims as if fully set forth herein.

36. Defendant/Counterclaimant is an individual residing in the County of Suffolk, in the State of New York.

37. Plaintiff/Counterclaim-Defendant is, upon information and belief, is a California limited liability company with a principal place of business at 9701 Wilshire Blvd., 10th Floor, Beverly Hills, CA 90212

38. This Court has subject matter jurisdiction over the above counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, 1367, 2201, and 2202, as the counterclaims are so related to the claims in the original action that they form part of the same case or controversy under Article III of the United States Constitution, and arise out of common facts, transactions, or occurrences as provided under Fed. R. Civ. P. 13 and 20.

39. This Court has personal jurisdiction over Plaintiff/ Counterclaim-Defendant.

40. Venue in this District is proper over this counterclaim pursuant to 28 U.S.C. § 1391.

41. Upon information and belief, Plaintiff Malibu Media (d/b/a X-Art.com), is the owner and distributor of the films that are the subject of this lawsuit.

42. Defendant has not downloaded any of the alleged films.

43. Defendant/Counterclaimant denies downloading the films.

44. There is now an actual and justiciable controversy between the parties regarding the alleged copyright infringement, namely, allegations of Defendant/Counterclaimant's downloading of the allegedly infringed films.

45. Defendant/Counterclaimant is entitled to a declaratory judgment pursuant to

28 U.S.C. § 2201 that Defendant/Counterclaimant has not infringed any of Plaintiff's allegedly copyrighted works and this Court should issue a declaration of noninfringement.

**WHEREFORE**, Defendant respectfully demands judgment as follows:

(a) That Plaintiff's claims for infringement be denied and dismissed in their entirety and that Plaintiff take nothing;

(b) That Defendant/Counterclaimant is adjudged the prevailing party under the Copyright Act;

(c) That Defendant/Counterclaimant be entitled to statutory attorney fees under the Copyright Act;

(d) That Defendant//Counterclaimant be entitled to costs of suit; and

(e) That a declaration be issued that Defendant/Counterclaimant did not infringe the works of Malibu Media, LLC; and

(f) Further that the Defendant//Counterclaimant be entitled to any other relief that this Court deems appropriate.

Dated: Patchogue, New York
        February 8, 2017

Respectfully submitted,

McGIFF HALVERSON LLP.
By: _____
    Daniel J. O'Connell (DO-2031)
    Stephen J. McGiff (SM-9573)
96 South Ocean Avenue
Patchogue, New York 11772
(631) 730-8686 Telephone
(631) 730-8661 Facsimile
*Attorneys for Defendant*
*Marshall Welsch*

Stephen J. McGiff (SM-9573)
Daniel J. O'Connell (DO-2031)
MCGIFF HALVERSON LLP
96 South Ocean Avenue
Patchogue, New York 11772
(631) 730-8686 Telephone
(631) 730-8661 Facsimile

*Attorneys for Defendant Marshall Welsch*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

MALIBU MEDIA, LLC,

                           Plaintiff,

  - against-

MARSHALL WELSCH,

                        Defendant.
-----------------------------------------------------------------X

Civ. Action No.
2:15-cv-02732
(JFB-SIL)

---

**AMENDED ANSWER TO THE AMENDED COMPLAINT WITH COUNTERCLAIM
FOR DECLARATION OF NON-INFRINGEMENT**

---

*McGiff Halverson LLP*
*Attorneys for Defendant*
*96 South Ocean Avenue*
*Patchogue, New York 11772*
*(631) 730-8686*

---

*Service of a copy of the within*           *is hereby admitted.*
*Dated:*

                                    *Attorney(s) for*

*Dated:  Patchogue, New York*
       *February 8, 2017*